On appellant's petition for reconsideration filed July 1, former opinion filed June 1, 29 Or App 625, 564 P2d 1083. Former opinion adhered to; petition for reconsideration denied July 25, 1977

SMITH et al, *Appellants,*

*v.*

PEET et al, *Respondents,*

VOLLMER, *Intervenor-Appellant.*

(No. A 76-01-01313, CA 6705)

567 P2d 125

Robert B. Johnstone, Multnomah County Legal Aid, Portland, and Kent B. Thurber, Marion-Polk Legal Aid Service, Inc., Salem, for petition.

No appearance contra.

THORNTON, J.

## THORNTON, J.

In their petition for reconsideration plaintiffs, in addition to voicing disagreement with the conclusions reached in our opinion, urge that we failed to deal with an important point. They invite our attention to ORS 411.860[1] and 411.865[2] as support for their contention that the Public Welfare Division (PWD) may not exclude employable persons from general assistance benefits. They argue that because ORS 411.860 and 411.865 mention employable applicants the doctrine of " 'expressio unius est exclusio alterius' " prohibits the exclusion of employable persons.

---

[1] ORS 411.860 provides:

"Subject to rules and regulations promulgated by the division, each employable applicant or recipient of general assistance may be required to participate without compensation in a community work and training program, as a condition to a grant of general assistance for the benefit of himself or those to whom he owes a legal duty of support, and for periods of time limited by the amount of such assistance, in cash or in kind, provided through such grant. However, no applicant or recipient of general assistance shall be required or permitted to perform labor or services without compensation in a community work and training program if such labor or services can be performed by an employe of the public entity as a part of his regular duties."

[2] ORS 411.865 provides:

"The application for or grant of general assistance to any employable individual required to participate in a community work and training program may be denied or suspended for such time as may be fixed under rule or regulation of the Public Welfare Division, if such individual without good cause:

"(1) Fails to participate satisfactorily in such community work and training program to which he may be assigned;

"(2) Fails to report for a community work and training program when and as directed by the division or by his supervisor therein;

"(3) Abandons or repeatedly absents himself from such work or training;

"(4) Is insubordinate to his supervisor therein;

"(5) Fails therein to take due precaution for the safety of himself or others, or to use safety clothing or equipment made available to him;

"(6) Is guilty of misconduct connected with such work or training; or

"(7) If, within 30 days prior to such application, he was rendered ineligible for general assistance in another county, or his grant of general assistance in another county was suspended, for any of the causes stated in subsections (1) to (6) of this section."

Assuming that ORS 411.860 and 411.865 mandate a grant of general assistance to employable persons, it does not follow that general assistance must be granted to all employable persons. As we indicated in our previous opinion, not all employable persons are excluded from general assistance benefits but only employable persons not within certain enumerated categories.

Former opinion adhered to; petition for reconsideration denied.